

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00301-CR
No. 07-23-00019-CR

JOSE FALCON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 462nd District Court
Denton County, Texas
Trial Court Nos. F21-3264-462 & F21-3263-462, Honorable Don Emerson, Presiding

December 19, 2023

MEMORANDUM OPINION[1]

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Jose Falcon appeals his two convictions for theft. He raises three issues. Two concern the sufficiency of the evidence establishing his identity as the thief. The third involves the admission of evidence describing his effort to sell in Oklahoma the car he stole in Texas. We affirm.

---

[1] Because this appeal was transferred from the Second Court of Appeals, we apply its precedent should it conflict with that of the Seventh Court of Appeals. TEX. R. APP. P. 41.3.

***Evidence at Trial***

In late June 2020, Darryl Lipinski listed a 2015 Lincoln MKZ for sale online via Craigslist. Appellant, identifying himself as James Ray Gomez, contacted Lipinski and arranged to test drive the vehicle. Shortly thereafter, appellant agreed to purchase the MKZ for $13,500 and provided Lipinski a cashier's check for that amount. Subsequently, a bank informed Lipinski that the check from appellant was fraudulent. Lipinski tried to contact appellant, to no avail. He then contacted the Denton Police Department.

Two days later, Taber Knight responded to a Craigslist ad posted by someone attempting to sell a 2015 Lincoln MKZ in Oklahoma City. Appellant, identifying himself as Darryl Lipinski, responded to Knight's inquiry and agreed to meet Knight at a local bank to complete the transaction. The two so met, aspects of which meeting were captured on bank surveillance video. Knight secured a loan from the financial institution and gave appellant the proceeds, that is, $10,000 in cash, in exchange for the MKZ taken from Lipinski. When Knight later attempted to register the vehicle, he discovered that it had been stolen.

Through investigation, a detective in Oklahoma City linked appellant to the cell phone number used in the transactions and matched his driver's license photo to the surveillance footage from the bank in Oklahoma. An officer in Denton, Texas, Detective Stevenson, then compiled a photo array which included a picture of appellant taken from the Oklahoma bank video. Upon showing that array to Lipinski, he selected appellant's picture and felt 60% sure it depicted the person who took his MKZ. Lipinski again identified appellant as the thief at trial, and that time was 100% sure of it.

Regarding a second incident occurring in November 2020, appellant contacted Marcelo Ribas about a 2019 Toyota Camry. Ribas had advertised it for sale on Craigslist. This time, appellant identified himself as Justin Ray Gomez-Grayson. After test-driving the Camry, appellant gave Ribas a $17,500 cashier's check. The two completed the transaction. Later, when Ribas attempted to cash the item, he found it to be fraudulent. Like Lipinski, Ribas was unable to contact appellant. So, he called the Lewisville Police Department. Police investigated the matter, identified appellant as the participant, and confirmed his involvement in the MKZ scheme.

### Issues One and Two—Sufficiency of the Evidence

As said earlier, issues one and two concern the sufficiency of the evidence identifying appellant as the one engaging in the thefts. We overrule them for the following reasons.

Through the first issue, he contends the evidence was factually insufficient to prove identity. In 2010, the Texas Court of Criminal Appeals eliminated factual insufficiency review as a means to attack the quantum of evidence supporting a conviction. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010).

Through issue two, appellant contends the evidence of identity was legally insufficient to inculpate him. Reviewing the evidence supporting conviction under that standard remains viable, and the manner in which we do is described in *Brooks*. We apply it now.

Rather than retrace travelled roads, we direct the parties to that mentioned above under the heading "Evidence at Trial." It reveals a plethora of evidence before the factfinder identifying appellant as the thief, that is, the one duping Ribas and Lipinski into

3

selling him their respective vehicles in exchange for bogus checks. That evidence came in the form of 1) in-court identifications by the victims, 2) comparisons of appellant's visage to images captured on video and in pictures, 3) law enforcement's identification of appellant through the phone number used in the transactions, 4) the driver's license used by appellant, 5) surveillance footage from the bank when he re-sold the MKZ to Knight, 6) his possession of the stolen vehicle in Oklahoma, and 7) Knight's identification of appellant as the person claiming to be Lipinski.

Contrary to appellant's suggestion, the fact that Lipinski may have been initially "60%" sure of his identification of appellant is not determinative. No longer did he have questions about appellant's identity when testifying in court. Then, he was "100%" sure appellant was the one who duped him. Furthermore, a witness's level of certainty regarding identification merely goes to the weight to be afforded the factfinder. *Estrada v. State*, No. 02-19-00187-CR, 2021 Tex. App. LEXIS 877, at *25-26 (Tex. App.—Fort Worth Feb. 4, 2021, pet. ref'd) (mem. op., not designated for publication) (stating that "[a]bsent a showing that the lineup procedure was impermissibly suggestive, the level of certainty of a witness's identification goes to the weight to be given the evidence, not to its admissibility"). So, Lipinski's initial reference to being "60%" sure simply invited the jury to assign whatever weight it cared to assign that evidence. It was not obligated to reject it or somehow view it as negating appellant's identify as the thief.

Regarding the Camry transaction, Ribas identified appellant in open court as one of the two people who sought to acquire the vehicle. Other evidence illustrating appellant's involvement in the scheme included Ribas' home surveillance video footage, a photocopy of a fake temporary driver's license appellant provided Ribas which

4

contained appellant's visage, testimony that the name appellant utilized in the transaction was on the fake check, and testimony that appellant handed Ribas a fake driver's license.

In sum, the record contains some evidence upon which a rational factfinder could conclude, beyond reasonable doubt, that appellant himself duped his victims to part with their vehicles without effective consent. Thus, the evidence is legally sufficient to support the convictions.

**Issue Three—Admission of Evidence**

By his third issue, appellant contends the trial court abused its discretion when admitting evidence of the Oklahoma sale by appellant to Knight of the vehicle stolen from Lipinski. Its admission purportedly violated Texas Rules of Evidence 403 and 404(b). We overrule the issue.

Decisions regarding the admission of evidence are reviewed under the standard of abused discretion. *Thomas v. State*, No. 07-21-00275-CR, 2022 Tex. App. LEXIS 7631, at *1 (Tex. App.—Amarillo Oct. 13, 2022, pet. ref'd) (mem. op., not designated for publication); *see Ramos v. State*, 245 S.W.3d 410, 417-18 (Tex. Crim. App. 2008) (discussing admission of evidence). So long as the ruling falls within the zone of reasonable disagreement, we cannot say that the trial court abused its discretion. *Thomas*, 2022 Tex. App. LEXIS 7631, at *1; *see Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011). Given that standard, any ground or theory supported by the record may be used to affirm the ruling, *Ramos*, 245 S.W.3d at 418, even if the trial court gave the wrong reason. *State v. Story*, 445 S.W.3d 729, 732 (Tex. Crim. App. 2014).

Regarding Rule 404(b), evidence of a prior wrong or bad act "may be admissible for . . . proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence

5

of mistake, or lack of accident." Tᴇx. R. Eᴠɪᴅ. 404(b)(2). Obviously, identity was in question given appellant's earlier issues. Furthermore, possessing stolen property without a reasonable explanation for same is evidence of the possessor's involvement in the theft. *Lewis v. State*, No. 07-15-00061-CR, 2016 Tex. App. LEXIS 12533, at *16 (Tex. App.—Amarillo Nov. 22, 2016, pet. ref'd) (mem. op., not designated for publication). That appellant exercised control over the MKZ when selling it in Oklahoma could reasonably be viewed as falling within that category. This is especially so when he cites us to no evidence of a reasonable explanation for possessing the vehicle. Thus, we cannot say admitting the evidence to prove identity under Rule 404(b) fell outside the zone of reasonable disagreement.

As for Rule 403, it permits the exclusion of relevant evidence when its probative value is "substantially outweighed" by its danger of unfair prejudice, among other things. Tᴇx. R. Eᴠɪᴅ. 403. Again, identity was an issue. And, it was through comparison of appellant's photographs with the images from the theft captured on the Oklahoma bank's surveillance footage that allowed law enforcement to positively identify appellant as the one who stole the MKZ. Moreover, the trial court, through its jury charge, restricted the jury's consideration of the evidence to legitimate purposes, like proving intent, motive, common scheme or plan, or absence of mistake of the defendant. Considering these circumstances, it would fall within the zone of reasonable disagreement to conclude that the risk of unfair prejudice did not substantially outweigh the probative value of the evidence depicting the Oklahoma transaction. In other words, the trial court's rejection of both the 403 and 404 challenges did not constitute instances of abused discretion.

6

Having overruled each of appellant's issues, we affirm the judgments of the trial court.

Brian Quinn
Chief Justice

Do not publish.